CHARLES J. FRY *vs.* THE INHABITANTS OF SCHOOL DISTRICT NUMBER ONE IN ATHOL.

The power conferred by law (*St.* 1789, c. 19, § 2; Rev. Sts. c. 23, § 24,) on towns, to determine and define the limits of school districts, can only be executed by a geographical or territorial division.

Where the inhabitants of a town, in the exercise of the power conferred upon them by the act of 1789, c. 19, § 2, to determine and define the limits of school districts,

established the several districts therein by an enumeration of the inhabitants belonging to each, but without any geographical or territorial division, and the districts so established were in fact in existence, when the act of 1817, *c.* 14, was passed, by which school districts were made bodies corporate for certain purposes; it was held, that such districts were not thereby established as legal districts.

The inhabitants of a town are not authorized by law to form a portion thereof into a school district, leaving all the residue of the town not districted.

THIS was an action of assumpsit brought originally before a justice of the peace, to recover of the defendants the sum of $8·67 assessed upon the plaintiff, and paid by him upon a compulsory process. The case was submitted to the court upon an agreed statement of facts.

The town of Athol, at legal meetings held on the 22d of August, and 6th of September, 1799, under an article in the warrant " To make such alterations in school districts as the town may think proper, and also to establish the limits of said school districts," voted that the town be districted into seven districts, by enumerating the several individuals composing each district, but without any geographical or territorial division for that purpose. At a subsequent meeting on the 25th of December, in the same year, the town voted to unite the fourth and seventh districts into one.

On the 26th of April, 1847, a town meeting was called and held, among other things, to see if the town would set off from school district number one all the estates therein lying east of the houses of certain individuals named, and form a new school district. At this meeting, the town voted to divide school district number one as indicated in the warrant, and that all the territory, persons and estates therein, lying east of a line particularly described and established, be formed into a new school district, with all the privileges of other school districts in the town.

On the 12th of June, 1847, a meeting of the town was held pursuant to a warrant issued by a justice of the peace, on the ground that the selectmen had unreasonably neglected and refused to call a meeting, to see if the town would reconsider a vote at their last meeting, by which a part of district number one was set off therefrom, and made into district number fourteen, and reannex the sam

to district number one.   At this meeting, the vote in question was reconsidered, and the new district reannexed to number one.

On the 7th of August, following, a meeting was held, pursuant to a warrant from the selectmen, to see if the town would reconsider and annul the vote of April 26th, creating district number fourteen, and reannex the same to district number one, or do any thing in relation thereto ; and also to see if the town would cause their several school districts to be surveyed, and their limits defined, or do any thing in relation thereto.   At this meeting, it was voted, that the vote of June 12th be confirmed, and that a committee of one from each school district be appointed, for the purpose of defining the limits of the several school districts and make report thereon to the town.

At a subsequent meeting held for the purpose on the 11th of October following, to hear the report of the committee above mentioned, and act thereon, the committee made a report defining the limits of the several school districts, by territorial boundaries, and recommending the establishment thereof as the boundaries of the thirteen school districts previously existing.   This report was accepted, and recorded at length, and the boundaries of the several school districts established accordingly, by a vote of the town.

On the 14th of May, 1847, a meeting of the new district established on the 26th of April preceding was held, at which the district was organized by the choice and qualification of the necessary officers ; the clerk was directed to purchase a book for records; the district voted to build a schoolhouse, and appointed a committee to determine the location and agree upon a plan ; and fixed the mode of calling future meetings.   On the 29th of May, another meeting of the district was held, at which the district voted to build upon a plan reported ; to purchase a lot of land particularly designated and described; and chose a committee to fix the bounds and take a deed of the same.   The committee had a deed prepared, which was executed by the grantor, and put into the hands of the committee, but not formally delivered.   The

proceedings of these meetings were never rescinded, by any act of the district, nor did the district ever hold any meetings afterwards.

The plaintiff was an inhabitant of the town of Athol, and for three years previous had resided and was then residing within the limits of school district number one, as estab.ished by the vote of the 11th of October, 1847, and in that part of the same which constituted the supposed new district established on the 20th of April preceding.

On the 25th of October, 1847, a meeting of district number one was held, at which the district was organized by the choice and qualification of officers, and voted among other things to raise the sum of $1600 for the purpose of building a school-house. This tax was afterwards duly assessed; and the portion thereof, which was assessed upon and paid by the plaintiff, was the sum sought to be recovered in this action. It was agreed that the tax was legally voted and assessed, and that the plaintiff was rightly assessed, if, upon the facts above stated, he was liable to be assessed at all.

*B. F. Thomas*, for the plaintiff.

*N. Wood*, for the defendants.

FLETCHER, J. The districting of the town, in 1799, not being territorial, but merely of the persons named, was illegal and void. It has been fully settled, that the power given to towns by the statute of 1789, *c.* 19, § 2, to determine and define the limits of school districts, can be executed only by a geographical division of the town. *Withington* v. *Eveleth*, 7 Pick. 106; *Perry* v. *Dover*, 12 Pick. 206. But it was main tained in argument, that as the districts established in 1799 existed in fact, when the act of 1817 was passed, by which every school district in the commonwealth was made, for certain purposes, a body corporate, these districts by force of that act were established as legal districts. In support of this argument, the case of *Whitmore* v. *Hogan*, 9 Shep. 564, was cited. But that case is partially different from the present. In that case, the origin of the district, which was a very ancient one, did not appear; so that it might have had a legai

origin, and was a territorial district; and it is of such districts that the court appear to speak.

The proceedings of the town of Athol in 1799, in setting off individuals by name, did not constitute legal districts, or what could properly be called districts at all; so that there were then in fact no districts to which the act of 1817 could apply. The act of the town on the 26th of April, 1847, to establish a 'new school district, was wholly illegal and void. By that act the town undertook to establish a single district, leaving all the rest of the town not districted. It is well settled, that a town can execute its power to form school districts only by a geographical division of the territory, and that the districts must be so constituted as to include all the inhabitants of the town. *Perry* v. *Dover*, 12 Pick. 206.

Great difficulty and injustice would be occasioned in raising money to build school-houses and defray other district expenses by a partial districting of the town. The districting by the town, in October, 1847, was legal and valid; being made in accordance with the provisions and regulations of law; the districts being territorial districts, and the whole territory of the town being included within them. The plaintiff, being afterwards duly taxed in a district so rightfully established, was legally taxed, and has no legal right to recover back the money. *Judgment for the defendants.*